IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA MARRUCHELLA<br>1510 Plymouth Boulevard<br>Plymouth Meeting, PA 19462<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA<br>50 South 16th Street, 10th Floor<br>Philadelphia, PA 19102<br><br>　　　　Defendant. | Civil Action No.: 2:25-cv-7124<br><br>Judge: |

**COMPLAINT**

**STATEMENT OF THE CASE**

1. This is an action for damages, equitable relief, and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b), related to Defendant's wrongful denial of Plaintiff's employee benefits she was entitled to under the terms of the Merck Sharp & Dohme, LLC long term disability benefits plan ("LTD PLAN").

**PARTIES AND GENERAL ALLEGATIONS**

2. Plaintiff, Patricia Marruchella, is a resident of Montgomery County, Pennsylvania. At all times relevant hereto, Plaintiff was an "employee" of Merck Sharp & Dohme, LLC, her "employer", as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

3. Defendant, Life Insurance Company of North America, is headquartered with its principal place of business in Philadelphia, Pennsylvania and does business in the Eastern District of Pennsylvania.

4. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

5. The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

6. At all times relevant hereto Plaintiff's employer, Merck Sharp & Dohme, LLC, was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

7. At all times relevant hereto Defendant, Life Insurance Company of North America, is the "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

8. At all times relevant hereto the LTD PLAN provided for payment of long term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

9. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the LTD PLAN and this claim relates to benefits under the foregoing plan.

10. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed.

11. Defendant is liable for any long term disability benefits determined to be due to Plaintiff under the terms of the LTD PLAN.

12. Plaintiff has exhausted her administrative remedies.

## JURISDICTION AND VENUE

13. The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1131, as it arises under ERISA—a law of the United States—and specifically pursuant to 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 1132(f), which give the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

14. The Court has personal jurisdiction over Defendant as the LTD PLAN was administered in this District and Division, Defendant regularly transacts business in this District and Division, and Defendant has consented to the Court's personal jurisdiction. This Court also has personal jurisdiction over Defendant because the insurance company maintains a principal place of business in Philadelphia, PA within this District and Division, and because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

15. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because (a) Defendant administered the LTD PLAN in this District; (b) the breaches and violations giving rise to the claims occurred in this District; and (c) Defendant maintains a principal place of business in in this District. Venue is also proper under 28 U.S.C. 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant resides in this District.

## FACTS

16. Plaintiff realleges and reaffirms paragraphs 1 through 15 of the Complaint, incorporating them by reference herein as if specifically restated.

17. At all times material to this action there was in full force and effect an insurance plan for long term disability benefits constituting a binding contract of insurance between the parties.

18. The purpose of the plan was to pay to Plaintiff, Patricia Marruchella, a specified monthly sum in the event that she became disabled. "Disability" and "Disabled" is defined in the LTD PLAN to mean:

> "*Definition of Disability/Disabled*
> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
> *1. Unable to perform the material duties of his or her Regular Occupation.*
> *After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
> *1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
> *2. Unable to earn 60% or more of his or her Indexed Earnings.*"

19. Plaintiff was an eligible plan participant of the long term disability plan at all times material to this action

20. Plaintiff became disabled and stopped working on February 16, 2021, due to acute maxillary sinusitis and fibromyalgia. The Plaintiff was paid long term disability benefits from February 17, 2022 to February 17, 2024. The claim for long term disability benefits was denied by Defendant on February 23, 2024. The undersigned submitted an appeal to Defendant which was denied by the insurance company's decision letter dated January 15, 2025.

21. Since Plaintiff's date of disability and the time period in dispute, Plaintiff's disability was fully supported by her treating physicians.

22. Since February 18, 2024, the Plaintiff has continued to meet the definition of disability as defined by the LTD PLAN and continues to be disabled from not only her occupation

but any occupation. She has not worked in any occupation for which she is or may reasonably become qualified for based on her education, training and experience.

23. By the terms of the LTD PLAN, the Plaintiff applied for Social Security Disability benefits with an onset date of February 16, 2021 and was determined to be disabled by the Social Security Administration.

## COUNT I – DENIAL OF BENEFITS
## PURSUANT TO 29 U.S.C § 1132(A)(1)(B)

24. Plaintiff repeats, reaffirms, and realleges paragraphs 1 through 23 of the Complaint as if they were fully restated at length herein.

25. Plaintiff has exhausted her administrative remedies under the Plan; thus, all conditions precedent to the filing of this action have been performed or have occurred.

26. Plaintiff is entitled to past-due and future monthly disability benefits under the terms of the LTD PLAN because she is and has remained Disabled as defined by the LTD PLAN.

27. Defendant's denial of long term disability benefits is wrong, unreasonable, without rational support, contrary to the terms of the LTD PLAN, de novo wrong, and constitutes an abuse of discretion.

28. Defendant failed to provide Plaintiff with a full and fair review of her long term disability benefits claim.

29. Under 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a plan participant or beneficiary to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, or to clarify her rights to future benefits under the terms of the plan.

30. As a result of Defendant's denial of long term disability benefits and its subsequent decision to uphold that denial on appeal, there exists an actual case and controversy by and between the parties, entitling Plaintiff to a declaration of rights clarifying the benefits to which she is entitled under the LTD PLAN.

**WHEREFORE,** Plaintiff, Patricia Marruchella, prays the Court grant her the following relief with respect to Count I of her Complaint:

A. That the Court enter judgement in favor of Plaintiff and against Defendant, and award Plaintiff all past-due long term disability benefits owed and future benefits pursuant to the terms of the LTD PLAN;

B. That the Court declare Plaintiff's right to reinstatement of long term disability benefits in the amount equal to the contractual amount of benefits to which she is entitled under the LTD PLAN;

C. That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgement;

D. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of the suit and order such award to be paid by Defendant; and

E. That Plaintiff recovers any and all other relief to which she may be entitled, which could include remand of the disputed LTD benefits back to Defendant for further administrative proceedings.

Respectfully Submitted,

*s/ Joseph Capitan*
Joseph Capitan, Esq.   PA Bar No. 307043
Capitan Law, PLLC
PO Box 854

Chadds Ford, PA 19317
Tel: 267-419-7888
Fax: 267-270-2998
Email: joe@longtermdisabilitylawyers.com
*Attorney for Plaintiff, Patricia Marruchella*

Dated:      December 17, 2025